IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 14-cr-00136-CMA-8

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN BOBROFF,

    Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

    This matter is before the Court on Defendant John Bobroff's Motion for Compassionate Release. (Doc. # 594.) The Probation Office and the Government filed Responses (Doc. ## 600, 603) to the Motion on June 10, 2020, and June 12, 2020, respectively. Mr. Bobroff subsequently filed a Reply (Doc. # 605) on June 23, 2020, and a Supplement (Doc. # 611) on July 10, 2020. Finally, pursuant to this Court's Order (Doc. # 612), the Government responded to Mr. Bobroff's Supplement on July 20, 2020 (Doc. # 616). For the following reasons, the Court denies Mr. Bobroff's Motion.

## I.    BACKGROUND

    On February 17, 2015, Mr. Bobroff pled guilty to possession with intent to distribute at least 5 kilograms of cocaine in addition to a related conspiracy charge. (Doc. ## 212, 213.) The Probation Office notes that "[t]he instant offense was his third conviction for a drug trafficking offense and was his second federal drug trafficking

conviction." (Doc. # 600 at 1.) Additionally, Mr. Bobroff "committed the instant offense while under federal supervised release in the District of New Mexico." (*Id.*)

After Mr. Bobroff pled guilty to the above-referenced charges, this Court imposed a sentence that includes 102 months of imprisonment and a 5-year term of supervised release. (Doc. # 577 at 2–3.) His current projected release date from the Bureau of Prisons ("BOP") is June 18, 2021. (Doc. # 600 at 1.)

In the instant Motion, Mr. Bobroff is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his concerns about the COVID-19 virus.[1] In his July 10, 2020 Supplement to his Motion, Mr. Bobroff indicated that he tested positive for the virus. (Doc. # 611 at 1.) His medical records confirm that diagnosis and show that Mr. Bobroff is being treated by BOP medical personnel. *See* (Doc. # 616-1). The records indicate that he is generally doing well. (*Id.* at 5–9.)

## II.   LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a defendant's sentence where "**extraordinary and compelling** reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

---

[1] The Government concedes, and the record establishes, that Mr. Bobroff properly exhausted his administrative remedies by submitting his request to the warden of the facility in which he is housed. (Doc. # 594-8 at 2–3; Doc. # 603 at 7.) The warden denied his request on April 20, 2020. (Doc. # 594-8 at 4.)

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.1." *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020)). Thus, "extraordinary and compelling reasons" exist in the following situations:

(A) Medical Condition of the Defendant.

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

3

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

### III.    ANALYSIS

Mr. Bobroff is 61 years old. (Doc. # 594 at 1.) He asserts that he "suffers from medical conditions that cannot currently be treated within the BOP system and as an elderly inmate is considered at greater risk from the COVID 19 virus." (*Id.* at 2.) Specifically, Mr. Bobroff cites his "vision issues, ongoing swelling of his right testicle, and required therapy for a fractured left wrist," as medical factors that increase his risk of harm from the virus. (*Id.*) However, as the Government accurately observes in its Response brief,

> [Mr. Bobroff] provides no medical records or authority for his arguments that these conditions put him at greater risk for developing complications if he contracts the virus. **Indeed, none of these conditions are identified by the Center for Disease Control (CDC) as conditions which would put someone at a higher risk**. The CDC defines "older adults" as those who are **65 years of age or older**. As is clear from his Motion, he is neither 65 years of age, nor does he suffer from any of the underlying medical conditions which the CDC identifies with a heightened risk of complication for those who contract COVID-19.

(Doc. # 603 at 10) (emphasis added) (footnote and internal citation omitted). Moreover, Mr. Bobroff's health complications do not rise to the level of being "extraordinary and compelling" for purposes of compassionate release. *See* § 1B1.13 cmt. n.1(A).

4

With respect to Mr. Bobroff's COVID-19 diagnosis in particular, his medical records show that BOP personnel are administering appropriate care and that his condition is stable. *See* (Doc. # 616-1); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Further, releasing Mr. Bobroff under the present circumstances would create a risk of infection for individuals who come into contact with him, such as his family members and Probation Office employees. Therefore, Mr. Bobroff has not shown that extraordinary and compelling reasons warrant a reduction, or modification, of his sentence.

## IV.     **CONCLUSION**

Based on the foregoing, Mr. Bobroff's Motion for Compassionate Release (Doc. # 594) is DENIED.

DATED: July 24, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

5